MASSACHUSETTS ET AL. *v.* FEENEY

No. 76–265.   Decided November 8, 1976

PER CURIAM.

This Court, on its own motion, hereby certifies to the Supreme Judicial Court of the Commonwealth of Massachusetts, pursuant to Rule 3:21 of the Rules of that court, the question of law hereinafter set forth.

*Statement of Facts*

On March 29, 1976, a three-judge Federal District Court in the District of Massachusetts, after dismissing the Commonwealth of Massachusetts and its Division of Civil Service as parties defendant, entered a judgment for Helen B. Feeney against the Massachusetts Director of Civil Service (now designated "Personnel Administrator of the Commonwealth") and members of the Massachusetts Civil Service Commission, declaring unconstitutional the Massachusetts veterans' preference statute, Mass. Gen. Laws c. 31, § 23, and enjoining its enforcement by said state officers.   415 F. Supp. 485 (1976).

The Attorney General for the Commonwealth, who appeared for all parties defendant in the District Court, has filed a Jurisdictional Statement in this Court stating, at 1–2, that the same is filed "on behalf of the Personnel Administrator of the Commonwealth and the Massachusetts

Civil Service Commission," the state officers against whom the District Court judgment was entered. However, the Personnel Administrator of the Commonwealth and the members of the Civil Service Commission have advised the Clerk of this Court, by letter of September 1, 1976, that "the appeal is without our authorization," that "each of us informed the Attorney General of our request that this matter not be appealed," and that "we request that the Court dismiss the appeal." A stipulation filed in the District Court dated June 21, 1976, signed by the Attorney General and the attorney for appellee, confirms these statements in the letter, and states further that the Governor of the Commonwealth has also requested the Attorney General not to prosecute an appeal.

The Attorney General, on October 8, 1976, filed a brief in this Court supporting his authority under state law to docket the appeal.

It therefore appears that there are involved in the proceeding before this Court questions of Massachusetts law which may be determinative of such cause, with respect to which there seem to be no clearly controlling precedents in the decisions of the Massachusetts Supreme Judicial Court. Accordingly, this Court desires to certify to the Supreme Judicial Court of Massachusetts, pursuant to Rule 3:21 of its Rules, the following question:

*Question Certified*

Under the circumstances herein presented, does Massachusetts law authorize the Attorney General of the Commonwealth to prosecute an appeal to this Court from the judgment of the District Court without the consent and over the expressed objections of the state officers against whom the judgment of the District Court was entered?

MR. JUSTICE BLACKMUN would dismiss the appeal for want of jurisdiction.