RUTH BALLOU, APPELLANT, v. STATE OF NEW JERSEY, DEPARTMENT OF CIVIL SERVICE, RESPONDENT.

Argued October 17, 1977—Decided February 6, 1978.

*Mr. Richard Newman* argued the cause for appellant (*Messrs. Isles, Newman* and *Weissbard,* attorneys).

*Mrs. Erminie L. Conley,* Deputy Attorney General, argued the cause for respondent (*Mr. William F. Hyland,* Attorney General of New Jersey, attorney; *Mr. Stephen Skillman,* Assistant Attorney General, of counsel).

*Mr. John Tomasin* argued the cause for *amicus curiae* New Jersey Department, Disabled American Veterans.

*Mr. Steven Blader,* Deputy Public Advocate, argued the cause for *amicus curiae* Stanley C. Van Ness, Public Advocate of New Jersey (*Mr. Stanley C. Van Ness,* Public Advocate, attorney).

PER CURIAM. This case raises the issue of whether the preference accorded veterans under the State's civil service laws is unconstitutional. The attack is brought by Ruth Ballou, who was denied a permanent civil service appointment to the position of Coordinator of Federal and Local Programs in the Division of Consumer Affairs, despite the fact that she achieved the highest grade (99.999) among

competing applicants on a Civil Service examination for that position. Appointment to the position went to the second highest applicant with a grade of 82.500. His appointment was automatic under *N. J. S. A.* 11:27–4, based upon the fact that he was a veteran and had placed among the top three candidates certified for the position.

Upon being denied appointment, plaintiff took an appeal to the Civil Service Commission which rejected her claim that she was entitled to the position. Plaintiff thereafter appealed her case to the Appellate Division. In an unpublished opinion that court disposed of certain issues no longer pertinent and remanded the matter to the Civil Service Commission to conduct a plenary hearing and develop a full evidentiary record directed to the essential nature of the statutory veterans' preference and its actual operation and effect upon civil service applications and appointments. The Appellate Division retained jurisdiction and in due course the litigation returned to it. In a careful and well-reasoned opinion, the Appellate Division rejected the contentions of plaintiff and sustained the constitutionality of the veterans' preference system. 148 *N. J. Super.* 112 (App. Div. 1977). Plaintiff has taken this appeal as of right. *R.* 2:2–1(a)(1).

We are satisfied, after having independently reviewed the record, briefs and supplementary material filed in this cause and having considered the arguments of counsel, that the Appellate Division correctly determined the matter. We affirm its judgment substantially for the reasons set forth in its published opinion.

Plaintiff advances three major arguments to support her claim. Her first contention is that under *N. J. S. A.* 11:27–4 the veterans' preference in public employment is "absolute, permanent and inexhaustible" and is therefore unconstitutional under the New Jersey Constitution (1947), Art. VII, § 1, par. 2. She also asserts that the absolute, permanent and inexhaustible form of the veterans' preference under the State statutory and administrative system consti-

tutes a violation of the due process clause under the Fourteenth Amendment to the United States Constitution. Finally, plaintiff argues that the veterans' preference statute disadvantages women as a class without adequate justification and thus violates equal protection guarantees under the Fourteenth Amendment.

First, we agree with the Appellate Division that "[t]he veterans' preference law, as it now exists in *N. J. S. A.* 11:27-1 *et seq.,* is not inconsistent with, nor in violation of, Art. VII, § 1, par. 2 of the New Jersey Constitution." 148 *N. J. Super.* at 121. Art. VII, § 1, par. 2 states that "[a]ppointments and promotions in the civil service of the State * * * shall be made according to merit * * * except that preference in appointments by reason of active service in any branch of the [armed services] * * * may be provided by law." The present veterans' preference law is essentially similar to that which was "provided by law" in 1947. The approval of the Constitution by the people of this State in November of that year was thus a virtual ratification of the existing statutory scheme for veterans' preference in the civil service. Rather than nullifying our veterans' preference law, the constitutional provision, when adopted, gave it an "organic basis." 148 *N. J. Super.* at 121. A balance, not necessarily an equipoise, was struck in our Constitution between the competing values of a merit system and a veterans' preference system.

The plaintiff has urged that "the Constitution should not be frozen by its historical context" and that in adopting the Constitution, the voters "did not sanction the veterans' preference as it exists today." We are mindful that certain features of the current system, particularly the inexhaustible or recurrent advantage given veterans in the civil service, became a part of the veterans' preference scheme through administrative regulation sometime after the adoption of the Constitution in 1947. Nevertheless this aspect of the scheme is not inconsistent with the overall legislative methodology in according preferential treatment to veterans and

it has in no way been disturbed by the Legislature. It is to be noted that veterans must demonstrate merit by passing a competitive examination in order to be entitled to preference. Thus we cannot accept the conclusion that the present system for according preference to veterans in the civil service has so eclipsed and overwhelmed the merit system that the constitutional interplay between these competing values provided in Art. VII, § 1, par. 2 has been destroyed.

In addressing plaintiff's due process contentions under the United States Constitution, the court below noted that plaintiff's attack was addressed to the "gross and arbitrary manner" in which the principle of the veterans' preference had been implemented. 148 *N. J. Super.* at 121. It ruled that the state system bears a " * * * rational relationship to the legitimate objective of providing a preference for veterans" and was not arbitrary, capricious or unreasonable. *Id.* at 123.

Plaintiff disagrees, characterizing the current system as a "veterans' preference system with exceptions allowing merit appointments to surface from time to time", which, as the court below observed, "is, to a certain extent, accurate." *Id.* at 119–120. She further asserts that this system deprives the agencies of government of all discretion with respect to veterans in appointments within the classified civil service. In particular, plaintiff decries reliance by the Appellate Division upon *Koelfgen v. Jackson,* 355 *F. Supp.* 243 (D. Minn. 1972), aff'd 410 *U. S.* 976, 93 *S. Ct.* 1502, 36 *L. Ed.* 2d 173 (1973) (148 *N. J. Super.* at 122–123), which sustained the Minnesota veterans' preference scheme against constitutional attack. The lower court, she maintains, failed to appreciate that while the Minnesota veterans' preference scheme was similar to that of New Jersey in that it afforded an absolute preference to veterans on an initial appointment, unlike the New Jersey approach, Minnesota only granted points to veterans on promotional examinations. Plaintiff contends that favoring veterans through the award of bonus points is a statutory ameliorative that would make a vet-

erans' preference system less absolute, more flexible and therefore constitutionally tolerable.

A bonus point system as a means for accommodating veterans in the civil service might strike a more sensible and even balance with the cognate objective of merit employment. See Governor's Management Commission, *Survey, Report and Recommendations* 46 (1970). Nevertheless, the choice of whether to effectuate the preference of veterans in the civil service, as mandated by our Constitution, through the grant of bonus points upon competitive examination grades or simply by floating veterans who have passed examinations to the top of the civil service list of successful applicants or by some other technique is one for the Legislature to make, provided that its selection does not negate or destroy merit as a critical factor in employment. We cannot stigmatize the current system, though it verges heavily in favor of veterans in the public civil service, as a violation of constitutional due process.

Plaintiff further criticizes the refusal of the Appellate Division to follow *Anthony v. Massachusetts*, 415 *F. Supp.* 485 (D. Mass.), ques. certified sub nom. *Massachusetts v. Feeney*, 429 *U. S.* 66, 97 *S. Ct.* 345, 50 *L. Ed.* 2d 224 (1976) (148 *N. J. Super.* at 123), which invalidated the Massachusetts' veterans' preference system. That case bears on plaintiff's argument that the New Jersey veterans' preference system constitutes a violation of federal equal protection because it "disadvantages the class of women without adequate justification". The Appellate Division rejected this position, relying upon *Washington v. Davis*, 426 *U. S.* 229, 96 *S. Ct.* 2040, 48 *L. Ed.* 2d 597 (1976) and *Arlington Heights v. Metropolitan Housing Corp.*, 429 *U. S.* 252, 97 *S. Ct.* 555, 50 *L. Ed.* 2d 450 (1977) (148 *N. J. Super.* at 124–126). Since the decision rendered by the court below in this case, the United States Supreme Court vacated and remanded *Feeney*, to the federal district court to re-examine its ruling in light of *Washington v. Davis, supra. Massachusetts v. Feeney,* ── *U. S.* ──, 98 *S. Ct.* 252, 54 *L. Ed.*

2d 169 (1977). Thus the Appellate Division anticipated correctly the current standards pertinent to plaintiff's claim of invidious and unreasonable discrimination against a class of persons under the Federal Constitution. The Supreme Court's action in *Feeney* dispels the argument urged by plaintiff that a veterans' preference system which is sex-neutral on its face violates federal equal protection merely because it disfavors women to a substantially greater degree than other non-veterans. It similarly obviates consideration of the additional contention of plaintiff that sex classification is "quasi-suspect, which requires a showing of a substantial relationship between such classifications and legitimate governmental interests."

Accordingly, the judgment below is affirmed.

*For affirmance*—Chief Justice HUGHES and Justices SUL-LIVAN, PASHMAN, CLIFFORD, SCHREIBER and HANDLER—6.

*For reversal*—None.