PER CURIAM.
The order and judgment under review are affirmed substantially for the reasons expressed by Judge Crabtree in his written opinion for the Tax Court of March 27, 1981, 2 N.J.Tax 329 and in light of the determination of plaintiff-appellant to forego the opportunity to submit proofs on the issue of “duplicative taxation” referred to therein.
Additionally, we need give no consideration here to plaintiffs contention, raised for the first time on this appeal, that “[e]ven if valid, the assessment should extend only to the cost of labor, not to the cost oí pans. The Attorney General, in his brief on behalf of defendant-respondent Director of the Division of Taxation, notes that
... This issue was neither raised in the petition of appeal [to the former Division of fax Appeals] nor incorporated as an issue in the pretrial order [of the Tax Court], nor raised or argued in the cross-motions for summary judgment, nor considered by the trial court in its opinion. The defendant has never been accorded an opportunity to address this issue at the trial court level and, therefore has never had the opportunity to rebut the plaintiffs allegation that a significant portion of the receipts are non-taxable because they related to the sale of parts.
This issue, which is clearly raised as an afterthought at this late date, requires a thorough factual analysis as to the nature of the parts involved, the extent to which such parts were previously repaired or restored by Airwork in New Jersey, the manner in which Airwork acquired such parts, the condition such parts were in at the time of acquisition and the relative value of Airwork’s skill in using such parts to repair complex machinery... .
The Attorney General properly concludes that:
... Airwork was clearly required to timely-raise below the issue as to the sale of parts and, thereby, allow for the compilation of a full factual record on this question. Having failed to raise this issue below, Airwork is now precluded from raising this issue on appeal.
*534 See State v. Souss, 65 N.J. 453, 460, 323 A.2d 484 (1974); Nieder v. Royal Indemnity Insurance Co., 62 N.J. 229, 234, 300 A.2d 142 (1973).
Affirmed.